UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

SEAN E. McMAHON,

                    Plaintiff,

          vs.                                            5:10-CV-1063
                                                          (NAM/GHL)

OFFICER CARNS, BRENDAN COPE, OFFICER
FURA, OFFICER NOVITSKY, OFFICER PATTI,
OFFICER SUMMERS, OFFICER TASSINI and
CITY OF SYRACUSE,

                    Defendants.

_____

APPEARANCES:                                    OF COUNSEL:

Meggesto Crossett & Valerino, L.L.P      .      James A. Meggesto, Esq.
313 E. Willow Street, Suite 201
Syracuse, New York 13203
*Attorneys for Plaintiff*

Juanita Perez Williams, Esq.                    James P. McGinty, Esq.
Corporation Counsel                             Asst. Corporation Counsel
City of Syracuse
300 City Hall
Syracuse, New York 13202
*Attorneys for Defendant*s

**Norman A. Mordue, Chief U.S. District Judge**

MEMORANDUM-DECISION and ORDER

I.      INTRODUCTION

        Plaintiff filed the instant lawsuit following an incident involving various officers of the

Syracuse Police Department in June 2009.  Plaintiff asserts that he was standing with a group of

friends on a street corner in the City of Syracuse when they were approached by a number of

police officers on the basis that they were in violation of a City ordinance which regulates and

prohibits the gathering of crowds on City sidewalks.  When plaintiff attempted to leave, he claims

he was chased by two officers and detained.  After he was under police control, plaintiff asserts

that he was punched in the face and fell to the ground, hitting his head on the pavement. Once he

was on the ground, plaintiff alleges that two officers repeatedly punched and kicked him and then

forcefully put his hands behind his back and handcuffed him.  Plaintiff's complaint alleges

various violations of his civil rights by the police officers and the defendant City pursuant to 42

U.S.C. § 1983, false imprisonment, assault, negligence, and the unconstitutionality of the City of

Syracuse "Disorderly Crowds" ordinance.  The City has moved for dismissal of the various

claims against individual officers and dismissal of the entire complaint pursuant to Fed. R. Civ. P.

12 (b) (6).  Plaintiff opposes said motion except to the extent that plaintiff consents to the

dismissal of defendants Carns, Cope, Novitsky and Tassini.[1]

II.      DISCUSSION

A.       Conclusory Allegations and Failure to Support § 1983 Claim with Substantive Law

         First, defendants allege that the allegations in plaintiff's complaint are conclusory and

insufficient to withstand a motion to dismiss.  Defendants also contend that the complaint fails to

assert which substantive federal or constitutional law is at the core of plaintiff's 42 U.S.C. § 1983

claim.  The Court questions whether counsel for defendants actually read the complaint prior to

filing the instant motion.  There is nothing conclusory or insufficient about plaintiff alleging that

he was "punched in the face [by defendant Fura] ... causing [him] to fall to his stomach ... and hit

his head on the pavement."  Morever, the allegation that defendant Summers "struck him near his

left eyebrow" while he was "lying facedown" is equally non-conclusory.  As a further matter, the

complaint states plainly at Paragraph 14 that the acts of defendants were a violation of plaintiff's

rights "under the Fourth and Fourteenth Amendments to the United States Constitution."  Based

thereupon, defendants' motion to dismiss based on the alleged conclusory nature of the complaint

and failure to support specifically the claim under 42 U.S.C. § 1983 must be denied.

---

[1] In addition, the Court observes that plaintiff consents to dismissal of all claims against Officer "Murphy" who is not named as a defendant in this action.  However, it is also notable that defendants requested that all claims against Officer "Murphy" be dismissed.

B.      Official Capacity of Defendant Officers

Defendants argue that state officers are not amenable to suits for damages under 42 U.S.C.

§ 1983.  Review of the complaint, however, reveals that the defendant officers are in each

instance named in their individual capacities.  Consequently, there is no basis for dismissing the

claims against the defendant officers based on their status as state officials.

III.    CONCLUSION

Based on the foregoing, it is therefore

ORDERED that defendants' motion to dismiss the complaint pursuant to Fed. R. Civ. P.

12 (b) (6) is DENIED except to the extent that the claims against defendants Carns, Cope,

Novitsky and Tassini are dismissed in their entirety with prejudice.

IT IS SO ORDERED.

Date:   May 17, 2011
        Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge

3